[No. B017363. Second Dist., Div. Four. May 29, 1987.]

ROBERT SUNDANCE et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY et al., Defendants and
Appellants;
CITY OF LOS ANGELES et al., Defendants and Respondents;
THE PEOPLE, Real Party in Interest and Respondent.

270

**COUNSEL**

Carlyle W. Hall, Jr., Lucas Guttentag, Joel R. Reynolds, Fredric D. Woocher, John R. Phillips and Bill Lann Lee for Plaintiffs and Appellants.

John H. Larson and De Witt W. Clinton, County Counsel, and Philip S. Miller, Deputy County Counsel, for Defendants and Appellants.

Ira Reiner, City Attorney, James H. Pearson, Senior Assistant City Attorney, and Denise M. Beaudry, Deputy City Attorney, for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—This is an appeal from the award of $536,000 in attorneys' fees to plaintiffs in a class action. The defendants, other than the City of Los Angeles, attack the award. The plaintiffs cross-appeal from the same award. We reverse and remand.

In 1975, the plaintiffs—four public inebriates and one taxpayer—brought a class action suit against various governmental entities in the City (City) and County of Los Angeles (County) to challenge the prosecution of public inebriates under California's public intoxication statute (Pen. Code, § 647, subd. (f)). This litigation resulted in a court order significantly changing the procedures for the incarceration and treatment of public inebriates. It is now final. (See *Sundance* v. *Municipal Court* (1987) 42 Cal.3d 1101 [232 Cal.Rptr. 814, 729 P.2d 80].) In this appeal, the County defendants contest the trial court's award to plaintiffs of $536,000 in attorneys' fees under Code of Civil Procedure section 1021.5. They contend that the current appeal is premature, that the instant action did not result in a benefit to a large class of persons, and that the apportionment of liability for payment between the City and County equally is improper. The plaintiffs cross-appeal, contending that the trial court erroneously excluded from the award 458 hours of attorneys' time expended on legal theories on which the plaintiffs did not prevail, and 850 hours of paralegal time, which was volunteered.

I

Preliminarily, the County defendants argue that the present proceeding is premature since the Supreme Court's recent opinion affirming the trial court's ruling (*Sundance* v. *Municipal Court, supra,* 42 Cal.3d 1101) contemplates the possibility of further litigation. They contend that this renders an award of fees inappropriate at this time as litigation in this case may continue. We reject this argument. If there is any further litigation in which the plaintiffs secure additional relief, a second application for attorneys' fees can be considered. As it is now, however, it has already been nine years since the trial court awarded the plaintiffs compensation. It is high time that this matter be considered.

II

Code of Civil Procedure section 1021.5 provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

The County defendants contend that the benefits achieved by this litigation do not affect a large class of persons and thus are not a proper subject for an award of attorneys' fees under section 1021.5. They argue: "It is diffi-

cult to conceive how the benefits of the judgment in the instant action can be enjoyed other than by the members of the class, namely, chronic, homeless, indigent alcoholics in the Los Angeles metropolitan area. Evidence introduced by plaintiffs at the trial of this action indicated 6,038 people were arrested for public inebriation more than once in the year 1975. Of this number, only 1,330 people were arrested as often as once every two months."

We must first disagree with defendants' conception of the size of the class benefitted. The reforms won by this litigation—most notably the mandatory medical screening of arrestees, the limitation on the number of inmates that may be kept in one cell, the requirement that arrestees be properly advised of their rights to counsel, jury trial, and confrontation of witnesses and their right to a probable cause hearing—are substantial benefits whether one is arrested once a month for public intoxication or once in a lifetime. The copious evidence adduced at trial indicated that more than 60,000 arrests for public intoxication were made in the City and County of Los Angeles in the year preceding the lawsuit. In *Daniels* v. *McKinney* (1983) 146 Cal.App.3d 42, 50 [193 Cal.Rptr. 842], a case involving pretrial detainees at the Fresno County jail, the 20,000 persons who were held at the jail in the course of a year were found to constitute a large class. Even taking into consideration repeat arrests, the size of the class here is approximately twice as large as the class in *Daniels*. Accordingly, we have no difficulty in upholding the trial court's determination that a large class of persons was benefitted in the instant case.

### III

■ The County defendants also contend that the trial court erred in its decision to divide liability for payment of the award of attorneys' fees equally between the County and the City. The County defendants argue that the relief granted was largely addressed to practices by the City, and not by the County, and thus the County should bear a lesser proportion of the award.

The decision to award attorneys' fees is addressed to the sound discretion of the trial court. (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 938 [154 Cal.Rptr. 503, 593 P.2d 200].) While the County defendants were responsible for fewer of the abuses remedied by this litigation, the cessation of those practices committed by the County was nonetheless a significant benefit. Moreover, the trial court found that the County took an active part in opposing the litigation and thus in generating the expenses that are compensated by the award of attorneys' fees. We do not feel, therefore, that the trial court abused its equitable powers by dividing liability for the award of attorneys' fees equally between the City and the County.

## IV

■ The plaintiffs cross-appeal, contending that the trial court erroneously excluded from the award of attorneys' fees 458 hours of attorneys' time. These hours were expended on arguments that the defendants' practices in enforcing section 647, subdivision (f) constituted a waste of taxpayers' funds and violated equal protection—issues on which the court found that the plaintiffs did not prevail.

The issue posed is whether plaintiffs are entitled to all hours reasonably spent in pursuit of this litigation or whether compensation for legal theories on which the plaintiffs did not prevail should be excluded from the award, even though the litigation was ultimately successful. In the abstract, this would not seem to present much of a problem. In *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 639 [186 Cal.Rptr. 754, 652 P.2d 985], the Supreme Court indicated "that, absent circumstances rendering the award unjust, fees recoverable under section 1021.5 ordinarily include compensation for all hours reasonably spent. . . ." Section 1021.5 itself simply states that awards are to be made to successful parties, with no mention of excluding compensation for the successful parties' unsuccessful legal theories. Moreover, as a practical matter, it is impossible for an attorney to determine before starting work on a potentially meritorious legal theory whether it will or will not be accepted by a court years later following litigation. It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right. To reduce the attorneys' fees of a successful party because he did not prevail on all his arguments, makes it the attorney, and not the defendant, who pays the cost of enforcing that public right.

The County defendants argue, however, that federal precedents disagree. In *Hensley* v. *Eckerhart* (1982) 461 U.S. 424, 434-435 [76 L.Ed.2d 40, 103 S.Ct. 1933] (fns. omitted) the Supreme Court stated: "In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' [Citation.] The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."

The court goes on to note, however: "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally

this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. [Citation.] Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." (*Id.,* at p. 435 [76 L.Ed.2d at p. 52].)

■ At the outset we note that federal precedent is not controlling in the instant case. As the Supreme Court stated in *Serrano* v. *Unruh, supra,* 32 Cal.3d at 639, footnote 29: "We follow the lead of federal courts because we find, on an independent examination of case law, that the federal rule has proved workable for enforcing the dictates of the private-attorney-general doctrine embodied in federal statutes comparable to section 1021.5. Yet it is not our view that federal authority is of more than analogous precedential value in construing section 1021.5. Federal decisions rest in part on evidence of congressional intent . . . for which there is no California parallel. We envision an independent state rule."

■ Rather than adopt a rigid holding, we conceive it to be far more beneficial to leave it to the discretion of the trial court to determine whether time spent on an unsuccessful legal theory was reasonably incurred. Following the reasoning in *Serrano* v. *Unruh, supra,* however, we hold that all time reasonably spent should be compensated. Accordingly, we remand this issue to the trial court so that it may exercise its discretion.

V

■ The trial court also declined to award plaintiffs compensation for 850 hours of paralegal time because it was of unknown value and volunteered. In recent years, awards of attorneys' fees for paralegal time have become commonplace, largely without protest. (See, e.g., *Citizens Against Rent Control* v. *Citizens of Berkeley* (1986) 181 Cal.App.3d 213, 232 [226 Cal.Rptr. 265]; *County of San Luis Obispo* v. *Abalone Alliance* (1986) 178 Cal.App.3d 848, 869 [223 Cal.Rptr. 846]; *Salton Bay Marina, Inc.* v. *Imperial Irrigation Dist.* (1985) 172 Cal.App.3d 914, 951 [218 Cal.Rptr. 839]; *Beach Colony II* v. *California Coastal Com.* (1985) 166 Cal.App.3d 106, 110 [212 Cal.Rptr. 485]; *Margolin* v. *Regional Planning Com.* (1982) 134 Cal.App.3d 999, 1002, 1005 [185 Cal.Rptr. 145].) Moreover, it is now clear that the fact that services were volunteered is not a ground for diminishing an award of attorneys' fees. As *Serrano* v. *Unruh, supra,* at pages 640-644, indicated, the amount of the award is to be made on the basis of the reasonable market value of the services rendered, and not on the salary

paid. Exclusion of paralegal time from the award on the ground that it was volunteered, therefore, was improper.

On the record before us, however, we are unable to address the question of whether the amount of paralegal time was reasonably expended in the course of this litigation. We leave this issue to be addressed by the trial court on remand.

The order is reversed and remanded for proceedings consistent with this opinion. In all other respects, the order is affirmed. Plaintiffs to recover costs against the County defendants only, excluding the City defendants; the City defendants shall recover their costs in this court against the County.

McClosky, J., and Cole, J.,* concurred.

The petition of defendants and appellants for review by the Supreme Court was denied August 20, 1987.

*Assigned by the Chairperson of the Judicial Council.