**Sofia GEZALYAN, Plaintiff,**

v.

**BMW OF NORTH AMERICA, LLC, Defendant.**

**Case No. SACV08–00852–CJC(ANx).**

United States District Court, C.D. California, Southern Division.

March 25, 2010.

---

Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, Lucy Kasparian, Glendale, CA, for Plaintiff.

Robert A. Philipson, Robert A. Philipson Law Offices, Santa Monica, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

CORMAC J. CARNEY, District Judge.

### INTRODUCTION

Plaintiff Sofia Gezalyan brought this case against Defendant BMW of North America ("BMW") under California's lemon law, the Song–Beverly Consumer Warranty Act. Ms. Gezalyan sought to have BMW unconditionally repurchase or replace her vehicle. Before Ms. Gezalyan filed her case, BMW offered to repurchase the vehicle subject to certain conditions. Ms. Gezalyan rejected this offer and filed this action on August 1, 2008. On November 5, 2009, BMW unconditionally repurchased Ms. Gezalyan's vehicle, paying her $58,725.03 in total. Ms. Gezalyan now moves for attorneys' fees under the Act. For the following reasons, Ms. Gezalyan's motion is GRANTED.[1]

### ANALYSIS

In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees. *Mangold v. Cal. Pub. Util. Comm'n*, 67

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED.R.CIV.P. 78; LOCAL RULE 7–15. Accordingly, the hearing set for March 29, 2010, at 1:30 p.m. is hereby vacated and off calendar.

F.3d 1470, 1478 (9th Cir.1995). Under California law, if a buyer prevails in an action under the Song–Beverly Consumer Warranty Act (the "Act") she may recover "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV.CODE 1794(d). A party is a prevailing party if the court, guided by equitable principles, decides that the party has achieved its "main litigation objective." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 150–51, 50 Cal. Rptr.3d 273 (Cal.Ct.App.2006).

■ Here, Ms. Gezalyan's primary objective was to have BMW unconditionally repurchase her vehicle. BMW did so a year and two months after she filed her action. Thus, Ms. Gezalyan has achieved her primary objective in bringing this action against BMW. Ms. Gezalyan has submitted a lodestar table showing that her attorneys incurred $51,466.84 in fees and litigation expenses during the prosecution of this case.

BMW argues that Ms. Gezalyan is not entitled to attorneys' fees for a number of reasons. First, BMW argues that Ms. Gezalyan is not a prevailing party for attorneys' fees purposes because it made an offer to repurchase the car before Ms. Gezalyan filed her action. This offer, however, had numerous conditions not authorized by the Act. For example, the offer required Ms. Gezalyan to 1) release any claims relating to the vehicle, whether known or not, 2) affirm that she had not relied on any statements made by BMW in entering into the agreement, 3) keep the financial terms of the settlement confidential, 4) pay to repair any physical damage to the car, and 5) agree that any prevailing party could recover attorneys' fees if there was any lawsuit relating to the settlement

agreement. (Yagubyan Decl. ¶¶ 7–11.) Ms. Gezalyan ultimately won repurchase of her vehicle without any of the above conditions, so she is the prevailing party for purposes of attorneys' fees.

■ Second, BMW argues that Ms. Gezalyan is not the prevailing party because she did not prevail on her claims for a civil penalty, conversion, or punitive damages. A party need not prevail on all claims in order to recover all of the fees incurred in prosecuting an action. *See Sundance v. Municipal Court*, 192 Cal.App.3d 268, 273–74, 237 Cal.Rptr. 269 (Cal.Ct.App.1987). "Compensation is ordinarily warranted even for those unsuccessful attacks, to the extent that those attacks led to a successful claim." *Akins v. Enterprise Rent–A–Car Co.*, 79 Cal.App.4th 1127, 1133, 94 Cal.Rptr.2d 448 (Cal.Ct.App.2000).

■ Third, BMW argues that Ms. Gezalyan is not entitled to any attorneys' fees incurred after she unreasonably rejected BMW's statutory offer of settlement on October 16, 2008. BMW's statutory offer of settlement included terms about the condition of the vehicle and its title. (Ex. A to Lehrman Decl.) The offer of judgment also offered Ms. Gezalyan $600 less than she sought in the lawsuit. (Ex. A to Lehrman Decl.) Ms. Gezalyan therefore did not unreasonably reject the offer of settlement.

■ Fourth, BMW argues that Ms. Gezalyan cannot obtain attorneys' fees from BMW because she has not shown that her attorneys billed her for the claimed fees or that she was obligated to pay those fees. "Under fee-shifting provisions contained in remedial statutes, courts have routinely allowed fees to be recovered to compensate for legal services performed for a client even though the client did not have a personal obligation to pay for such services out of his or her own assets." *Robertson*

*v. Fleetwood Travel Trailers of Cal., Inc.,* 144 Cal.App.4th 785, 818, 50 Cal.Rptr.3d 731 (Cal.Ct.App.2006). Ms. Gezalyan may therefore recover fees regardless of whether she was billed for them.

 Finally, BMW argues that Ms. Gezalyan cannot recover attorneys' fees at a rate of $425 an hour for Martin Anderson and $350 for Lucy Kasparian. A number of courts have recently accepted these figures, and Mr. Anderson and Ms. Kasparian submitted extensive evidence of their experience in these types of cases. (Anderson Decl. ¶¶ 14–24; Kasparian Decl. ¶¶ 4–7.)

Based on the lodestar table included in the moving papers and the supporting declarations, the Court finds an award of $50,404.34 to be reasonable in this case.[2] Mr. Anderson worked 82.05 hours at a rate of $425 per hour. Ms. Kasparian worked 42.33 hours at a rate of $350 per hour. The attorneys have submitted detailed records of their work on this case, including time spent researching and writing pleadings and motions, reviewing BMW's papers, and meeting with Ms. Gezalyan. (Exs. 1 and 2 to Anderson Decl.) Mr. Anderson also deducted the amount spent on an unsuccessful conversion claim. (Anderson Decl. ¶ 9.) Mr. Anderson and Ms. Kasparian's fees were reasonably incurred in the prosecution of this action.

## CONCLUSION

For the foregoing reasons, Ms. Gezalyan's motion for attorneys' fees is GRANTED. Ms. Gezalyan shall recover $50,404.34.

---

2. The Court subtracts 2.5 hours of work estimated for the hearing on this motion, or $1,062.50, from the total.