[No. E010247. Fourth Dist., Div. Two. Mar. 15, 1994.]

JUDI L. GUINN et al., Plaintiffs and Appellants, v.
JAMES L. DOTSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication except parts III-A. and III-C.

**COUNSEL**

Ronald J. Richard for Plaintiffs and Appellants.

Aklufi & Wysocki and David L. Wysocki for Defendant and Appellant.

Best, Best & Krieger, Kendall H. MacVey, J. Craig Johnson, Nossaman, Guthner, Knox & Elliott and James P. Corn as Amici Curiae on behalf of Defendant and Appellant.

**OPINION**

**TIMLIN, J.—**

I

PROCEDURAL BACKGROUND

Appellants, Judi L. Guinn and Steven L. Guinn (Guinns), filed a complaint for negligence, dangerous condition of public property, trespass,

nuisance, inverse condemnation, and negligent infliction of emotional distress against respondent, James L. Dotson (Dotson), the City of Beaumont (City) and certain contractors regarding the construction of a street in the city. Dotson demurred to the complaint on several grounds, one being that he was a registered civil engineer being sued for professional negligence, and Guinns had failed to comply with Code of Civil Procedure section 411.35,[1] which required the filing of a certificate as described in subdivision (b) (hereinafter referred to as certificate of merit). The record on appeal contains no ruling on this demurrer.

Guinns then filed a first amended complaint alleging the same causes of action. Dotson demurred to the first amended complaint, once again stating as a basis, Guinns' failure to comply with section 411.35 by not filing a certificate of merit. Thereafter, Guinns filed a motion for an order permitting the late filing of a certificate of merit. Guinns' attorney, Ronald J. Richard (Richard), stated in a declaration in support of the motion that prior to filing the complaint he did not realize there was a certificate of merit requirement; he had delegated drafting of a response to the demurrer to an associate and was not made aware that one of the bases for the demurrer was his nonfiling of the certificate of merit; he had not attended to the details of his practice because he was overworked and experienced office problems; and he did not note the section 411.35 requirements until recently.

With his motion Richard submitted a proposed certificate of counsel under oath that he has and is relying *solely* on the doctrine of res ipsa loquitur and for that reason did not file a certificate of merit. This proposed certificate presumably was pursuant to subdivision (d) of section 411.35 which allows an attorney to certify upon filing a professional negligence action against a registered engineer that the attorney is relying solely on the doctrine of res ipsa loquitur (hereinafter res ipsa certificate). Such a certification results in section 411.35 not being applicable.

Dotson filed an opposition to the motion for late filing of a certificate of merit. The court sustained Dotson's demurrer to the first amended complaint with leave to amend and declared the motion for late filing of a certificate of merit to be moot based on the granting of the demurrer.

Guinns then filed a second amended complaint alleging the same causes of action. Attached to the complaint was a res ipsa certificate signed by Richard under penalty of perjury that he has and is relying solely on the doctrine of res ipsa loquitur and for that reason did not file a certificate of

---

[1]All further references to code sections will be to the Code of Civil Procedure unless otherwise indicated.

merit. Dotson demurred to the second amended complaint, repeating as one ground, Guinns' failure to comply with section 411.35. Dotson argued the res ipsa certificate of counsel was untimely, filed without leave of court and a sham.[2] The court sustained the demurrer to the second amended complaint without leave to amend. Its ruling stated that the certificate attached to the second amended complaint states that plaintiffs were relying solely on the doctrine of res ipsa loquitur and this statement was in direct conflict with the allegations of the second amended complaint. The court also commented that Guinns had already had the opportunity to file a proper certificate of merit but had failed to do so.

After sustaining the demurrer to the second amended complaint without leave to amend, Judge Phillips signed the judgment of dismissal as to defendant Dotson.

Thereafter, Dotson filed a motion for an award of expenses, including attorney fees, under section 411.35, subdivision (h), requesting $7,813.75. Guinns filed an opposition claiming they had complied with section 411.35 by filing a certificate of merit. The court ordered Guinns and Richard to pay attorney fees in the amount of $4,987.50 to Dotson. In its ruling granting the motion and in its subsequent order, the court did not award to Dotson as expenses paralegal fees nor did it award to Dotson attorney fees and paralegal fees for time spent preparing the motion for an award of expenses.[3]

On appeal, Guinns contend that the court abused its discretion in sustaining Dotson's demurrer to the second amended complaint without leave to amend and refusing to rule on the motion to allow late filing of a certificate of merit.

In his appeal, Dotson contends the court abused its discretion in refusing to award to him as reasonable expenses under section 411.35, subdivision (h), paralegal fees and also attorney fees and paralegal fees incurred in making and arguing the motion for an award of expenses. Amicus briefs were filed in support of Dotson's appeal by California Council of Civil Engineers and Land Surveyors (civil engineers) and National Federation of Paralegal Associations, Inc. The latter brief was joined by Legal Assistants Management Association, California Alliance of Paralegal Associations,

---

[2] Dotson characterized the certificate attached to the second amended complaint as a "certificate of merit" when in actuality it was a "res ipsa certificate." We, however, will construe his points and authorities to have urged that no certificate of merit was ever filed, the res ipsa certificate was filed without approval of the court because it was untimely, and that under the circumstances of Guinns' pleadings and the second amended complaint, that certificate was a sham.

[3] Judge Kaiser signed the postjudgment order awarding attorney fees to defendant Dotson.

Central Coast Legal Assistants Association, Inland Counties Association of Paralegals, Los Angeles Paralegal Association, Sacramento Association of Legal Assistants, San Diego Association of Legal Assistants and San Francisco Association of Legal Assistants (paralegal associations).

## II

### FACTS

Guinns' second amended complaint alleged that Dotson, a civil engineer, and other defendants negligently designed, constructed and maintained a street to the north of Guinns' property which design, construction and maintenance caused flooding on Guinns' property, and as a direct consequence, damages to the property and a diminishment of its fair market value occurred.

## III

### DISCUSSION

A.   Guinns' Appeal

*Demurrer to the Second Amended Complaint\**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

B.   Dotson's Appeal

1.   *Paralegal Fees as an Element of Attorney Fees in an Award of Reasonable Expenses, Including Attorney Fees Under Section 411.35, Subdivision (h)*

██    Dotson contends that the trial court, in awarding attorney fees as reasonable expenses under section 411.35, abused its discretion in not including reasonable fees for paralegals employed by Dotson's attorneys. The trial court without hearing argument on the issue simply stated: ". . . Counsel [Dotson's attorney], I want you to prepare an order, but I want you to go through your declaration on your attorney fees and delete the law clerk

---

*See footnote, *ante*, pages 262.

time and also the time charged for the preparation of this motion. *I do not believe that's the intent of that statute.*" (Italics added.)[6]

Subdivision (h) of section 411.35 states, "If the trial judge finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of the failure to comply with this section."

■ An award of attorney fees is within the trial court's discretion and that decision will be reversed only if there has been a prejudicial abuse of discretion. (*Baggett* v. *Gates* (1982) 32 Cal.3d 128, 142-143 [185 Cal.Rptr. 232, 649 P.2d 874].) In this case, however, it appears that the trial court determined that the attorney fees insofar as they included paralegal fees could not be awarded as a matter of law based on its interpretation of section 411.35, subdivision (h). Unfortunately, the court did not state its reasoning in arriving at that conclusion.

■ To determine whether the Legislature intended "attorney's fees," as used in subdivision (h) of section 411.35, to include paralegal fees as an element, we may look to the judicial construction of similar language in an analogous statute. (*Belridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 557 [147 Cal.Rptr. 165, 580 P.2d 665].) In *Bussey* v. *Affleck* (1990) 225 Cal.App.3d 1162 [275 Cal.Rptr. 646], the court interpreted the language of section 1033.5 which defined recoverable costs including attorney fees authorized by statute. That court held that where a contract provides for payment of costs and attorney fees, a court may allow as attorney fees any expenses ordinarily billed to a client which are not included in the overhead component of the attorney's hourly rate. (225 Cal.App.3d at pp. 1165-1166.) In the present case, Dotson was billed by his attorneys separately for paralegal fees at an hourly rate. This was in addition to attorney fees which were billed at a separate hourly rate. There was no evidence that the attorney's hourly rate included as an overhead component the costs to the attorney for his paralegal employees.

A fee award under 42 United States Code section 1988, which provides for reasonable attorney fees as part of costs, includes paralegal fees billed at market rate. (*Missouri* v. *Jenkins* (1989) 491 U.S. 274, 284-288 [105 L.Ed.2d 229, 240-243, 109 S.Ct. 2463].) This award depends on the prevailing practice in a given area and should fully compensate the attorney for his or

---

[6]Guinns responded that this court cannot consider this contention until we have resolved the issues in Guinns' appeal and there is a "final judgment." Having resolved those issues earlier in this opinion, we proceed with Dotson's appeal.

her work product. (*Ibid.*) ■ As observed in *Sundance* v. *Municipal Court* (1987) 192 Cal.App.3d 268 [237 Cal.Rptr. 269], awards of attorney fees for paralegal time have become commonplace in California and are appropriate under section 1021.5 which provides for an award of attorney fees to a successful party in an action to enforce an important right affecting the public interest. (192 Cal.App.3d at p. 274.) Further, in *Salton Bay Marina, Inc.* v. *Imperial Irrigation Dist.* (1985) 172 Cal.App.3d 914, 951 [218 Cal.Rptr. 839], the court construed "reasonable attorney's fees" as used in section 1036 which provides for an award of such to a successful plaintiff in an inverse condemnation suit, to include "necessary support services for attorneys, e.g., . . . paralegal services."

The amici curiae have attached numerous exhibits to their briefs to support their argument that the Legislature intended to include in the "generic" phrase "attorney's fee," fees of paralegal assistants employed by the attorney and who performed services related to the instant case. Guinns interposed no objection to these briefs or the supporting exhibits. We, therefore, will take judicial notice of the exhibits. (Evid. Code, §§ 452, 459.)

Exhibit 44 to paralegal associations' amicus brief is a 1991 salary survey of members of the Inland Counties (Riverside and San Bernardino Counties) Association of Paralegals. While not a scientifically conducted survey, the results reveal that 81.5 percent of those paralegals responding reported the time for their services is billed to clients at a competitive hourly market rate; not in the amount of their wages as part of the overhead of the employing attorneys. As for Guinns' argument that recovery of paralegal fees would allow double recovery because the paralegals are part of the attorney's cost of operation, there is no windfall if separate billing of paralegal time is consistent with market rates and practices. (*Missouri* v. *Jenkins, supra,* 491 U.S. at pp. 284-288 [105 L.Ed.2d at pp. 240-243].)

■ It appears that the prevailing practice in the Inland Counties is to bill separately for paralegal service time at a reasonable market value rate. An award of attorney fees which does not compensate for paralegal service time would not fully compensate the attorney. (See Annot., Attorney's Fees: Cost of Services Provided by Paralegals or the Like as Compensable Element of Award in State Court (1989) 73 A.L.R.4th 938.)

Therefore, we conclude that "attorney's fees" as used in section 411.35, subdivision (h) includes as a compensable element thereof reasonable paralegal fees billed to Dotson in this case. We further conclude that as to those paralegal services deemed reasonable by the court, it should apply as a reasonable fee rate for such services the fair market rate for similar services

in Riverside and San Bernardino Counties because the paralegal services to Dotson were provided in Riverside County. The trial court erred in not considering reasonable paralegal services to be awardable as part of the attorney fees component of reasonable expenses under section 411.35, subdivision (h).

2. *Dotson's Entitlement to an Award of Reasonable Expenses, Including Attorney Fees in Successfully Obtaining an Award of Reasonable Expenses Under Section 411.35, Subdivision (h)*

■ Dotson also contends that the court erred in disallowing an award for attorney fees incurred in establishing an award of his reasonable expenses. The court's ruling on this point may have been based on its narrow interpretation of the language—"as a result of the failure to comply with this section"—found in subdivision (h) of section 411.35. Subdivision (h) provides that if the trial judge finds there has been a failure to comply with section 411.35, it may order the offending party to pay reasonable expenses incurred by the other party as a result of the failure to comply.

In *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 624 [186 Cal.Rptr. 754, 652 P.2d 985], the court held that attorney fees recoverable under section 1021.5 include compensation for time spent to establish and defend the fee claim. "Thus the doctrine will often be frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim." (32 Cal.3d at p. 632.)

Section 411.35 has the purpose of discouraging frivolous professional negligence suits against registered civil engineers. Exhibit C to the civil engineers' brief is the Senate Committee on Judiciary Bills Analysis for Senate Bill No. 1718 which added subdivision (h) to section 411.35. That analysis reveals that the purpose of the law is to protect architects and engineers from frivolous malpractice lawsuits. To further this purpose, an amendment was suggested to give the trial court authority to assess "sanctions" for failure to comply with the certificate of merit requirement.

Exhibit D to the civil engineers' brief is the Assembly Subcommittee on the Administration of Justice Bills Analysis of Senate Bill No. 1718. It suggested that 411.35 could be improved if the trial court could "[i]mpose stiffer sanctions on attorneys who fail to comply with the law or file frivolous COMs." Therefore, "[i]f the trial judge determines that there was 'a failure' to comply with the provisions of Section 411.35, sanctions,

including attorney fees, may be assessed." It appears clear that the Legislature intended to strengthen the certificate of merit requirement by allowing the assessment of reasonable expenses, including attorney fees, as sanctions against the noncomplying party.

Reasonable expenses, including attorney fees, are allowed as a sanction against noncomplying parties and are intended to strengthen the statute and encourage compliance with the statute's requirements. Because the party claiming an award of reasonable expenses under this statute must establish its entitlement to such expenses, the attorney fees incurred in seeking this award are a continuing result of the other party's failure to comply with section 411.35. Any other interpretation would dilute the strength of this enforcement provision of the statute. We conclude the language of this statute allows the court to award as reasonable expenses, including attorney fees, those expenses incurred in the successful pursuit of a fee award.

Accordingly, we find the trial court erred in not awarding to Dotson reasonable attorney fees, including paralegal fees, for those reasonable services of the attorney and paralegals in obtaining the court order awarding to him reasonable expenses under section 411.35, subdivision (h).

C. *Dotson's Request for Sanctions Against Guinns for a Frivolous Appeal\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

DISPOSITION

The judgment of dismissal as to Dotson is affirmed.

The postjudgment order awarding to Dotson reasonable expenses, including attorney fees, is reversed insofar as the court, in determining the amount of reasonable attorney fees, did not consider the reasonable services performed by paralegals employed by Dotson's attorneys, and did not consider the reasonable services by Dotson's attorneys, including paralegals employed by those attorneys, in making and presenting the motion under section 411.35, subdivision (h) for an award of reasonable expenses to their client, Dotson. This case is remanded to the trial court to redetermine the reasonable expenses to be awarded to Dotson in light of this opinion.

---

\*See footnote, *ante*, page 262.

Dotson is entitled to an award of costs on appeal.

Dabney, Acting P. J., and McKinster, J., concurred.