Filed 7/16/14  Meaux v. Springfield CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ORVILLE MEAUX et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>JUAQUIN SPRINGFIELD,<br><br>        Defendant and Respondent. | A139840<br><br>(Alameda County<br>Super. Ct. No. RG13667731) |

Juaquin Springfield prevailed on an anti-SLAPP[1] motion and moved for an award of attorney fees pursuant to Code of Civil Procedure section 425.16, subdivision (c).[2] Plaintiffs in the action below, Orville Meaux and his company (collectively Meaux), appeal the fee award.  We conclude that most of Meaux's arguments are forfeited by failure to cite relevant legal authority or specific facts in the record, and by raising new arguments for the first time on appeal or in the reply brief.  We further find that Meaux fails to demonstrate an abuse of discretion in the trial court's ruling, and consequently we affirm.

## I.    BACKGROUND

In February 2013, Meaux, individually and doing business as The Portal Herbal Health Collective, sued Juaquin "Moe" Ramaundy Springfield and Briann Marie Diaz for defamation, fraudulent misrepresentation, interference with prospective economic

---

[1] SLAPP refers to "strategic lawsuit against public participation."  (*Equilon Enterprises, LLC v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57 & fn. 1.)

[2] All further undesignated statutory references are to the Code of Civil Procedure.

1

advantage, breach of fiduciary duty, slander and libel.  He alleged that Springfield and Diaz "entered into a concerted action to bring false allegations against Meaux in order to take over [The Portal Herbal Health Collective]," inter alia by making false claims that Meaux had sexually harassed Diaz in a 2012 lawsuit against Meaux (apparently filed in the superior court of Santa Clara County).

Springfield moved to strike all but one cause of action against him pursuant to section 425.16.  The trial court granted the motion and ruled that Springfield was entitled to recover his reasonable attorney fees and costs pursuant to section 425.16, subdivision (c)(1).  Those rulings are not challenged on appeal.

Springfield filed a memorandum of costs and a motion for attorney fees supported by billing records.  He sought $34, 961.58 in attorney fees and costs, representing 47.36 hours of legal work (39.76 hours on the anti-SLAPP motion and 7.6 hours on the fee motion) at a billing rate of $400 per hour and a contingency risk multiplier of 2.0 (on the anti-SLAPP motion work but not the fee motion work), plus $113.58 in costs.  Springfield later raised his fee and cost request to a total of $39,104.58 based on additional work he performed on a reply brief.  Springfield's counsel, Ian Kelley, averred that he represented Springfield on the anti-SLAPP motion on a contingency basis, and that the $400 billing rate was "within the range of rates which I charge paying clients in my private practice for non-contingency matters."  Kelley averred that he had practiced law for 12 years; taught constitutional law for 10 years, most recently as an adjunct professor at John F. Kennedy School of Law; argued before the California Supreme Court; and was "versed in the area of anti-SLAPP law and brought specialized expertise to this litigation."  He also cited two San Francisco area cases where attorney fees were awarded based on hourly rates of $375 and $650 for attorneys with 8 and 25 years of experience respectively (an environmental enforcement action) and $425 to $450 for attorneys with 11 years of experience (a civil rights action).

In opposition, Meaux argued "this case does not meet the mini[m]um requirements for a fee enhancement" (without citing supporting facts or legal authority) and that the entire fee request should be denied because of alleged misconduct by Springfield and

2

Diaz in the instant and 2012 actions. "If the Court looks at this case in light of the facts that occurred in the underlying case, there are reasonable inferences of Mr. Springfield's duplicity with Diaz in the Santa Clara Case. Neither she nor Springfield responded to discovery in this case. It would be unfair for Plaintiffs to bear the entire financial burden of defending themselves in the underlying case and in this case. In the interest of justice, the Court should not award Defendant Springfield excessive attorney's fees and costs in this case based on reasonable inferences of his duplicity with Diaz in the Santa Clara Case."

The trial court issued a tentative decision awarding Springfield only $18,456.58 in fees and costs, explaining, "[Springfield's] counsel has claimed an excessive number of hours for drafting the motion and reply brief, and filing an unnecessary surreply." The court based the reduced award on 25 hours of attorney time on the anti-SLAPP motion, calculated at the requested hourly rate of $400 per hour with a multiplier of 1.5, which the court found was a sufficient enhancement "to provide an incentive for counsel to represent Defendant and file a motion to strike." In addition, the court compensated defense counsel for 8.1 hours of work on the fee motion at $400 per hour without a multiplier.

Meaux contested the tentative decision, arguing 25 hours on the anti-SLAPP motion was still excessive billing. At the hearing to contest the tentative decision, he identified two suspect billing entries and argued Springfield had never provided a detailed breakdown of the billing summary. Meaux further argued, inter alia, that the multiplier was excessive because the anti-SLAPP motion was granted only in part.[3] The court affirmed its tentative decision.

## II.    DISCUSSION

Under "section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees. . . . [S]ection 425.16

---

[3] In fact, the motion was granted in full but did not dispose of all claims in the complaint.

3

permits the use of the so-called lodestar adjustment method . . . ." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; see also *id.* at p. 1136.) The court "begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.' [Citation.] We [have] expressly approved the use of prevailing hourly rates as a basis for the lodestar . . . . [¶] . . . [The lodestar] may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. [Citation.]" (*Id.* at pp. 1131–1132.) "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees . . . ," often called " 'fees on fees.' " (*Id.* at p. 1141.) However, because fees are mandatory under section 425.16, subdivision (c), litigation over the fees is not contingent so an enhancement for contingent risk is not appropriate for fees on fees. (*Ketchum v. Moses,* at pp. 1141–1142.) "The ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' [Citation.]" (*Id.* at p. 1132.)

Meaux has forfeited most of his arguments on appeal because he failed to apply the legal principles he cites to the particular facts of Springfield's fee request, and he fails to support his arguments with citations to specific evidence in the record. (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116; Cal. Rules of Court, rule 8.204(a)(1)(C).) For example, Meaux argues in his opening brief that, even after the reduction of hours imposed by the trial court, the fee award was still based on duplicative billings for the same work. However, he does not identify any allegedly duplicative billings until his reply brief, giving Springfield no fair opportunity to respond. (See *REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500 [refusing to entertain an argument raised for the first time in a reply brief].) Moreover, Meaux did not argue in the trial court that the billing records were duplicative, much less offer the trial

4

court a detailed analysis of the billing summary to establish the point.  (See *Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [argument first raised on appeal is not ordinarily considered].)

Meaux's belated argument regarding specific billing records is also unpersuasive on the merits.  In his analysis, Meaux fails to account for the trial court's reduction of the hours.  He also incorrectly argues that the court should not have awarded fees for work Meaux characterizes as administrative or paralegal work.  He cites *Gunn v. Dotson* (1994) 23 Cal.App.4th 262, but in applying a different fee-shifting statute that decision simply holds that a fee award can include fees for paralegal work performed by paralegals and is the sort of work routinely billed to legal clients.  (*Id.* at pp. 269–271)  Meaux cites the case for the proposition that paralegal work (which in his view includes legal research and citation checking) cannot be performed by attorneys and charged at the attorney's billing rate.  The case does not so hold.  Thus, we reject Meaux's contention that the trial court here should not have awarded attorney fees for client meetings, legal research and citation checking that was performed by Springfield's attorney just because it theoretically could have been performed by a paralegal or other administrative employee.

Meaux also argues the trial court should have adjusted the lodestar amount downward because of the simplicity of the anti-SLAPP issue, but he provides no legal or factual analysis to support the argument.  The trial court was in the best position to determine the difficulty of the issues, the quality of Springfield's representation, and the extent to which the billing rate did or did not already reflect those factors.  (See *Ketchum v. Moses, supra,* 24 Cal.4th at pp. 1138–1139 [noting that billing rate may already encompass these factors].)  Meaux has not demonstrated any abuse of discretion by the trial court.[4]

We decline to impose sanctions, as suggested by Springfield, for Meaux's filing this appeal.  However, as the prevailing party on the fee motion, including this appeal,

---

[4] Meaux suggests that we should review de novo.  We do not.

Springfield is entitled to recover his appellate attorney fees.  (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1426.)  The amount of those fees shall be determined in the trial court.

### III.    DISPOSITION

The attorney fees and cost award is affirmed.  Meaux shall pay Springfield's costs and fees on appeal.


_____
Bruiniers, J.


We concur:


_____
Jones, P. J.


_____
Needham, J.