**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY A. ALMADA, on behalf of
himself and all other similarly situated class
members,

          Plaintiff-Appellant,

 v.

KRIEGER LAW FIRM, A.P.C.,

          Defendant-Appellee.

No.   21-55275

D.C. No.
3:19-cv-02109-TWR-MDD

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted January 14, 2022[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and S. MURPHY, III, [***]
District Judge.

Jeffrey Almada appeals the district court's order granting the Kriger Law

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Stephen Joseph Murphy, III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

Firm's motion for summary judgment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's order de novo, *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015). We affirm in part and reverse in part. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.      A debt collection letter that expressly states that the debtor must dispute a debt in writing violates the Fair Debt Collection Practices Act (FDCPA). *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099 (9th Cir. 2012); *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005). The letter Kriger sent Almada says the following, in relevant part, with the bolded text in the original:

> Under the federal Fair Debt Collection Practices Act, **if you dispute this debt, or any portion thereof, you must notify this office in writing within thirty (30) days of receipt of this letter.** After notifying this office of a dispute, all debt collection activities will cease until this office obtains verification of the debt and a copy of such verification is mailed to you. If you do not dispute the validity of this debt or any portion thereof within thirty (30) days of receipt of this letter, the debt will be assumed valid. You may request in writing, within thirty (30) days of receipt of this letter, the name and address of the original creditor, if different from the current creditor, which is the homeowners association named above, and we will provide you with the information.

This letter violates the FDCPA because it expressly states that Almada must dispute

---

[1] There was much confusion in the district court about the Defendant's name. The parties agree that the proper name is Kriger Law Firm, so that is the name we use in this disposition.

the debt in writing.

The district court entered summary judgment in favor of Kriger on this issue by looking to only "the sentence conveying the Section 1692g(a)(3) advisory," which it understood to be the third sentence, and holding that because *that sentence* does not require the dispute to be in writing, the letter does not run afoul of *Camacho* and *Riggs*. In doing so, the district court departed from the proper approach for analyzing debt collection letters and misapplied *Riggs*.

When analyzing a debt collection letter, the court must view the letter "through the eyes of the least sophisticated debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (per curiam); *see also Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019) (describing the least sophisticated debtor). The district court's analysis of the letter does not comport with this standard because the least sophisticated debtor would not extract each sentence of the challenged paragraph, line them up against the disclosures the FDCPA requires, and analyze whether each sentence, in isolation, accurately conveys the required warnings. Instead, the least sophisticated debtor would examine the letter *as a whole* and would conclude based on the bold text expressly stating that he must dispute the debt in writing that he was required to dispute the debt in writing. *See, e.g., Riggs*, 681 F.3d at 1100–01 (examining several paragraphs of the body of the letter as well as the "Special Notice" and "Consumer Disclosure" on the last page of

3

the letter); *Swanson*, 869 F.2d at 1225 (holding that the warnings required pursuant to 15 U.S.C. § 1692g "must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency"). Therefore, we reverse the district court's grant of summary judgment in favor of Kriger on this ground.

2.     Almada argues that Kriger's assessment of the prelien fee violates the FDCPA because the fee was not authorized by the parties' contract or California law and Kriger misleadingly characterized the fee as an "attorney's fee" when the work was performed by a paralegal and no attorney was involved. We disagree. California Civil Code § 5650(b)(1) authorizes a homeowners' association to recover "[r]easonable costs incurred in collecting [a] delinquent assessment, including reasonable attorney's fees." While California courts have not construed the term "attorney's fees" in this particular statute, the court may "look to the judicial construction of similar language in . . . analogous statute[s]," to determine its meaning. *Guinn v. Dotson*, 28 Cal. Rptr. 2d 409, 413 (Ct. App. 1994). The California Court of Appeal has repeatedly held that fees incurred for work performed by paralegals qualify as "attorney's fees." *See id.* at 414; *Sundance v. Mun. Ct.*, 237 Cal. Rptr. 269, 273 (Ct. App. 1987) (collecting cases); *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 218 Cal. Rptr. 839, 860 (Ct. App. 1985). This is consistent with federal practice. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).

4

Therefore, we hold that the prelien fee was authorized as a reasonable attorney's fee and that any implication that the fee was an "attorney's fee" was true.

3.     In its summary judgment motion and on appeal Kriger argues that it is not liable for any FDCPA violations because it qualifies for the bona fide error affirmative defense, 15 U.S.C. § 1692k(c), and it is not liable for any Rosenthal Act violations because the version of the Act in effect at the time it sent the letter to Almada did not apply to attorneys or law firms. The district court did not address these arguments because it granted Kriger summary judgment on the grounds discussed above. Although we "*may* affirm the district court's judgment on a different ground, we need not do so" and "usually do not." *Broudo v. Dura Pharms., Inc.*, 339 F.3d 933, 941 (9th Cir. 2003), *rev'd on other grounds*, 544 U.S. 336 (2005). We decline to do so here, and remand for the district court to address Kriger's remaining arguments and Almada's summary judgment motion in the first instance.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.[2]**

---

[2] The parties shall bear their own costs.