Filed 10/30/25  Bettelheim v. Rios CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARK BETTELHEIM,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LORENZO RIOS et al.,<br><br>    Defendants and Respondents. | H051385<br>(Santa Clara County<br> Super. Ct. No. 19CV358454) |

Plaintiff Mark Bettelheim filed a complaint alleging five causes of action against defendants Lorenzo Rios and Norma Rios.  Defendants moved for summary judgment.  Before the motion could be heard, plaintiff dismissed the case without prejudice.  Defendants moved for attorney fees and costs seeking $133,398.11 as the prevailing parties.  The trial court granted defendants' motion under Civil Code section 5975, subdivision (c),[1] and awarded them $133,398.11.

On appeal, plaintiff contends the trial court erred in concluding defendants were the prevailing parties.  Plaintiff also argues the trial court erred in the amount of attorney fees and costs awarded.  We affirm the trial court's order.

---

[1] Subsequent undesignated statutory references are to the Civil Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is a homeowner in the Pigeon Loft Condominium Association (HOA). Defendant Lorenzo Rios is the HOA's president, and defendant Norma Rios is his wife. In November 2019, plaintiff filed a lawsuit against defendants. He alleged five causes of action: (1) intentional infliction of emotional distress; (2) violation of the Davis-Stirling Common Interest Development Act (Davis-Stirling Act); (3) self-dealing; (4) breach of fiduciary duty; and (5) unfair competition.

Subsequently, defendants moved for summary judgment, or in the alternative, summary adjudication. The parties agreed to a settlement in December 2021. Plaintiff received a proposed settlement agreement[3] in January 2022. In February 2022, plaintiff filed Judicial Council form CM-200, Notice of Settlement of Entire Case. He stated that the "settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement." Plaintiff confirmed that "[a] request for dismissal [would] be filed no later than" April 24, 2022.

The parties filed a joint stipulation to continue the summary judgment hearing. They reached a tentative resolution but still needed to work through some issues. The trial court granted the parties' request. The parties filed a second joint stipulation to continue the summary judgment hearing citing plaintiff's counsel's head injury. They requested a one-month continuance and an extension to file plaintiff's opposition to the summary judgment motion. The trial court granted the joint request. In April 2022, plaintiff substituted his counsel. In June 2022, plaintiff filed a request for dismissal without prejudice. The trial court took defendants' motion for summary judgment off calendar.

---

[2] This discussion is limited to the relevant issues raised in this appeal.
[3] The proposed settlement agreement is not in the record.

Soon thereafter, defendants moved for attorney fees and costs. They asserted that under section 5975, they became the prevailing parties when plaintiff voluntarily dismissed the action. In their memorandum of points and authorities, defendants contended that plaintiff harassed the HOA and defendants throughout the litigation.

Defendants requested $121,992.99 in attorney fees and costs for November 2019 to December 2022. Their counsel submitted a declaration attesting to the request and confirmed that the law firm charged $275 per hour. The declaration did not provide the total hours worked. The trial court ordered defendants to submit additional evidence supporting their request. Defendants' attorney filed a second declaration and requested an updated award of $133,398.11. Counsel asserted defendants incurred $133,398.11 in attorney fees and costs from November 2019 to June 20, 2023. From December 2019 to March 2023, the law firm spent 433.3 hours and incurred $4,707.71 in filing costs, mediation costs, and appearance fees.[4] From April 2023 to June 2023, the law firm incurred $8,057.50 in attorney fees and $86.90 in costs but had not billed defendants for those amounts. Defendants anticipated incurring an additional four hours to conclude the matter. The law firm offered to provide redacted invoices and bills if requested.

In his opposition, plaintiff asserted that defendants were not the prevailing parties under section 5975, subdivision (c). Plaintiff argued that he voluntarily dismissed the case because his former counsel suffered a head injury. Plaintiff conceded that he filed a new lawsuit against defendants a few months later, asserting the same causes of action. Plaintiff added the HOA as a defendant to the lawsuit. Plaintiff also contended that defendants requested an unreasonable amount of attorney fees and costs that the record did not support.

---

[4] The declaration detailed the hours and incurred costs in monthly increments.

On July 6, 2023,[5] the trial court granted defendants' attorney fees and costs motion. First, the court held that section 5975 applied and defendants were the prevailing parties. The trial court found that "[p]laintiff dismissed the entire action on the same day his opposition to [d]efendants' summary judgment motion was due, indicating an inability or lack of preparedness to substantively respond to that motion." The trial court found "[n]one of [p]laintiff's arguments dictate[d] a different result."

Relying on defendants' counsel's declarations, the trial court awarded defendants $133,398.11 in attorney fees and costs. The court stated that the attorneys incurred $133,398.11 in fees and costs from November 9, 2019 to "the present." The court found the $275 hourly rate reasonable in the Silicon Valley market and that "the time spent was relevant and reasonable."

Plaintiff timely appealed the order granting attorney fees and costs.

## II. DISCUSSION

Plaintiff contends that the trial court erred by awarding defendants their attorney fees and costs as the prevailing parties, and that the fees award was not reasonable because it was not supported by correct or sufficient proof.[6] Our review of the record does not support plaintiff's contentions.

### A. *Prevailing Parties' Determination & Standard of Review*

"The [Davis-Stirling Act] governs an action to enforce the recorded [covenants, conditions and restrictions (CC&Rs)] of a common interest development. [Citations.]" (*Champir, LLC v. Fairbank Ranch Assn.* (2021) 66 Cal.App.5th 583, 590 (*Champir*).) "[S]ection 5975 provides that . . . '[i]n an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs.' [Citation.]"

---

[5] Plaintiff did not designate an oral record from the July 2023 hearing. The minute order from the hearing shows that there was no court reporter present at the hearing. Plaintiff also did not designate a settled or agreed statement.

[6] Plaintiff does not contend that section 5975 is inapplicable.

(*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 773 (*Almanor*).) This provision of the Davis-Stirling Act "reflect[s] a legislative intent that [the prevailing party] receive attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney fees) whenever the statutory conditions have been satisfied." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 872 (*Hsu*); accord *Almanor*, at p. 773)

The Davis-Stirling Act does not define "prevailing party." (*Almanor*, *supra*, 246 Cal.App.4th at p. 773.) "It is well established that '[t]he analysis of who is a prevailing party under the fee-shifting provisions of the [Davis-Stirling Act] focuses on who prevailed "on a practical level" by achieving its main litigation objectives.' [Citations.]" (*Champir*, *supra*, 66 Cal.App.5th at p. 590.) The trial court should "compare the relief awarded on the . . . claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu*, *supra*, 9 Cal.4th at p. 876; accord *Champir*, at p. 592.) The determination should be made by " 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation]." (*Hsu*, at p. 876.)

We review the trial court's prevailing party determination under the Davis-Stirling Act for abuse of discretion. (*Champir*, *supra*, 66 Cal.App.5th at p. 591; see also *Artus v. Gramercy Towers Condominium Assn.* (2022) 76 Cal.App.5th 1043, 1050 ["As an earlier case put it, a court's ruling on who is the prevailing party 'should be affirmed on appeal absent an abuse of discretion.' [Citation.]"].) It is the plaintiff's burden to demonstrate the trial court abused its discretion by " 'exceed[ing] the bounds of reason.' " (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272; accord *Champir*, at p. 592.) "[W]e do not substitute our judgment for that of the trial court when more than one inference can be

reasonably deduced from the facts. [Citation.]" (*Almanor*, *supra*, 246 Cal.App.4th at p. 776.)

### 1. *No Error in the Trial Court's Prevailing Parties' Determination*

Plaintiff contends that defendants were not the prevailing parties because they were negotiating a settlement. Further, plaintiff argues that the parties were unprepared for the summary judgment hearing. Plaintiff also asserts that the dismissal was not substantive but was voluntarily entered without prejudice because of his former counsel's head injury and to add the HOA as defendants in a new lawsuit. We conclude that the trial court did not err in finding defendants the prevailing parties.

Well-established principles of appellate review govern our determination. Plaintiff has the burden to affirmatively show error based on the record presented to this court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*); *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 563.) Where a plaintiff fails to provide a sufficient record for review, we will affirm the judgment based on the presumption of correctness. (*Jameson*, at pp. 608-609; *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) Here plaintiff has not provided a record of the oral proceedings. Without the reporter's transcript, we must indulge all intendments and presumptions to support the order on matters as to which the record is silent. (*Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 393; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.)

Although there was not a court reporter present at the July 2023 hearing, plaintiff could have provided an agreed statement under California Rules of Court, rule 8.134,[7] or a settled statement under rule 8.137. He elected not to do so. We must presume that any matters that could have been presented to the court were presented at that hearing. (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) It is impossible for us to determine the

---

[7] Subsequent references to rules of court are to the California Rules of Court.

nature of any alleged error, including plaintiff's statements, if any, that the trial court relied upon in its decision.[8]

Based on our review of the record before us, the trial court properly determined defendants were the prevailing parties even though plaintiff and defendants were in settlement negotiations. Plaintiff contends that his case is analogous to *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574 (*Heather Farms*). In *Heather Farms*, the appellate court affirmed the trial court's ruling that there were no prevailing parties when the negotiated settlement's requirement was voluntary dismissal without prejudice. (*Ibid.*) But here, the limited record suggests that the parties did not finalize a settlement agreement. The first joint stipulation for a continuance stated there was a "tentative resolution" and that the parties were still working through issues. Plaintiff also did not dismiss the case by April 24, 2022, as specified in the Notice of Settlement of Entire Case. Further, the second joint stipulation for a continuance omitted any mention of a settlement. Rather, the parties requested a one-month continuance for the summary judgment hearing *and* plaintiff's response to the motion. Plaintiff filed his dismissal on this continued date. Plaintiff also asserts that both parties were unprepared to proceed on the summary judgment motion due to the ongoing settlement negotiations. However, defendants had already filed their motion. Plaintiff fails to explain why defendants were not prepared to move forward with it on the date of the hearing. Thus, the limited record does not establish that plaintiff voluntarily dismissed the case due to a negotiated settlement, as was the case in *Heather Farms*.

Plaintiff also contends that the trial court erred because defendants sought a substantive dismissal. When comparing the litigation's outcome, " ' "[c]ourts should

---

[8] Plaintiff asserts that defendants cannot rely on "undocumented, unverifiable arguments supposedly made to the trial court" when there is no reporter's transcript. Where the assertions in the parties' briefings are unsupported by record citations, we will disregard them. (*Martinez v. Vaziri* (2016) 246 Cal.App.4th 373, 383; see also *Jameson, supra*, at p. 609, fn. 11 [" 'if it is not in the record, it did not happen.' "].)

respect substance rather than form." ' " (*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1156 (*Salehi*).)  Here, defendants achieved their litigation objective—the lawsuit's dismissal.  Without the reporter's transcript, we defer to the court's finding that plaintiff dismissed the action because of his "inability or lack of preparedness to substantively respond to [the] motion."  (See *Jameson*, *supra*, 5 Cal.5th at pp. 608-609; see also *Salehi*, at p. 1155 [concluding defendants were the prevailing parties after plaintiff voluntarily dismissed her action the evening before trial and noting that plaintiff did not appear "ready to go forward procedurally and prove the case substantively"].)

For these reasons, we conclude that the trial court did not err in its prevailing parties' determination.

## B.  *Reasonableness of Attorney Fees and Costs*

" 'It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.]  The value of legal services performed in a case is a matter in which the trial court has its own expertise.' [Citation.]" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096 (*PLCM Group*).)  "An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court.  [Citation.]  Trial judges of experience, like this one, regularly see fee applications and develop a current and data-based sense of what is customary and reasonable.  [¶]  We owe considerable deference to trial court decisionmaking about attorney fee awards." (*LCPFV, LLC v. Somatdary Inc.* (2024) 106 Cal.App.5th 743, 760 (*LCPFV, LLC*); see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*).)

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate . . . [which is the] prevailing [hourly rate] in the community for similar work.  [Citations.]" (*PLCM Group*, *supra*, 22 Cal.4th at p. 1095.)  "Nevertheless, a trial court is not obligated

8

to use the lodestar method" (*Roe v. Halbig* (2018) 29 Cal.App.5th 286, 310 (*Halbig*).), provided it begins with a calculation based on "the total number of hours counsel have actually spent on the case." (*Id.* at p. 311; see *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 395 ["The basis for the trial court's calculation must be the actual hours counsel has devoted to the case . . . "].)

We review the trial court's determination on the amount of fees and costs for abuse of discretion. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) "We presume the fee approved by the trial court is reasonable and the court considered all factors in reaching its decision, even though the court may not have mentioned them in a written ruling. The trial court is not required to state each charge it finds reasonable or unreasonable, nor is it required to issue a statement of decision with regard to a fee award. [Citation.] [¶] We will not disturb the trial court's judgment unless it is clearly wrong. We have no authority to disturb the trial court's factual findings if they are supported by substantial evidence. The burden is on the objector to show error. [Citation.]" (*LCPFV, LLC*, *supra*, 106 Cal.App.5th at p. 760; see *Ketchum*, *supra*, 24 Cal.4th at p. 1132; *Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 153.)

### 1. *No Error in the Trial Court's Attorney Fees and Costs Award*

Plaintiff contends that the trial court erred in relying on defendants' counsel's second declaration. Plaintiff also argues that defendants' attorneys' declarations did not support the award. Specifically, plaintiff asserts that the declarations lacked sufficient detail regarding the law firm's time, such as the hourly or market rate for paralegal work. Plaintiff also contends that there was no explanation for the difference in defendants' request between the two declarations. Plaintiff argues that defendants did not provide additional evidence, such as invoices or bills. Finally, plaintiff asserts that the total

9

award did not equal the hours defendants' counsel worked. We determine that the trial court did not err in awarding attorney fees and costs to defendants.

The trial court properly relied on defendants' counsel's second declaration. Plaintiff contends that he could not respond to the declaration because defendants filed it with their reply. However, "the trial court had discretion to consider the additional information provided in [defendants'] reply brief." (*Halbig*, *supra*, 29 Cal.App.5th at p. 310, citing *Alliant Ins. Services, Inc. v. Gaddy* (2008) 159 Cal.App.4th 1292, 1308 (*Alliant Ins. Services, Inc.*).) Defendants submitted the second declaration prior to the fees and costs hearing. Additionally, the trial court requested defendants provide additional evidence supporting their attorney fees and costs request. We cannot agree that the trial court erred in relying on evidence it requested. We also presume that the trial court allowed plaintiff to raise any objections or concerns at the hearing. (See *Alliant Ins. Services, Inc.*, at p. 1308 ["[I]n light of the supplemental declaration, the trial court allowed defendant the opportunity to testify at the hearing on the preliminary injunction, and he did."]; see also *Jameson*, *supra*, 5 Cal.5th at pp. 608-609.)

Defendants' attorneys' declarations were sufficient to support the award. Plaintiff contends that the declarations lacked specificity about the time expended by attorneys and support staff and the nature of the tasks performed. However, the second declaration differentiated the hours spent by defendants' attorneys and support staff and provided detailed descriptions of the numerous tasks and hours completed each month. It listed the total number of hours worked in monthly increments, and if the support staff assisted, it stated the exact hours they worked. Within most of those monthly increments, the declaration included the types of work the law firm conducted. Plaintiff asserts that of the 433.3 hours the law firm worked, 14.25 hours do not have an exact description of the tasks performed. However, because we do not have a record of the oral proceedings and must presume the parties presented all relevant matters at the hearing, we infer that the trial court discussed the declarations with defendants at the fees and costs hearing.

10

(*Jameson*, *supra*, 5 Cal.5th at pp. 608-609.) Even if the declarations lacked some detail as plaintiff claims, defendants could have expounded upon such information at the hearing. Nor is the plaintiff's argument that the fees and costs were not distinguished in the declaration justified, as the declaration lists the costs separately from the hours. Based on these descriptions, the trial court was justified in awarding fees and costs to defendants. (*LCPFV, LLC*, *supra*, 106 Cal.App.5th at p. 759.)

Plaintiff asserts that because the declarations did not include an hourly or market rate for paralegal work, it was unrecoverable. Plaintiff contends that courts should apply a reasonable rate for paralegal services under *Guinn v. Dotson* (1994) 23 Cal.App.4th 262, 269 (*Guinn*). However, plaintiff misapplies *Guinn*. The appellate court held that paralegal work should be awarded at a fair market rate when the law firm billed paralegal fees separately. (*Id.* at p. 268.) The court noted that "[t]here was no evidence that the attorney's hourly rate included as an overhead component the costs to the attorney for his paralegal employees." (*Ibid.*) Here, the limited record suggests that the law firm included paralegal hours in its overhead costs. (See *City of Oakland v. McCullough* (1996) 46 Cal.App.4th 1, 7 ["Most overhead expenses are included in the hourly rates of private counsel . . . . More generally, it has been said that 'necessary support services for attorneys, e.g., secretarial and paralegal services, are includable within an award of attorney fees' [citation]"].) Thus, a separate hourly or market rate for paralegal work was unnecessary, and the hours were recoverable.

Plaintiff also argues that the trial court erred because the award requested differed between the two declarations. However, the difference is easily explained because defendants incurred additional fees between the first declaration and the second. The first declaration listed fees through December 2022, while the second declaration included fees through June 2023, and projected additional hours that would be incurred through the hearing date. The award based on the higher amount presented in the second declaration was appropriate.

11

Defendants were not required to provide invoices or bills.  "The memorandum of costs must be verified by a statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case."  (Rule 3.1700(a)(1).)  "There is no requirement that copies of bills, invoices, statements, or any other such documents be attached to the memorandum."  (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1267.)  Here, the trial court properly relied on defendants' counsel's declarations.  (See *Steiny & Co. v. Cal. Elec. Supply Co.* (2000) 79 Cal.App.4th 285, 293 ["[T]here is no legal requirement that [billing] statements be offered in evidence. . . .  The trial court did not err in crediting the attorney declaration here, which included detailed evidence of hours spent, tasks concluded, and billing rates."].)  Further, defendants' law firm offered to provide billing and invoices to the court if requested.  We presume that the trial court determined that billing statements and invoices were unnecessary.  (See *Jameson*, *supra*, 5 Cal.5th at pp. 608-609.)

Plaintiff contends that the declarations do not substantiate the award because the hours defendants' attorneys asserted that they worked do not equal the $133,398.11 award that they requested.  He states that, assuming all hours were recoverable from November 2019 to March 2023, defendants' counsel worked 433.3 hours at the $275 hourly rate, which equals $119,157.50, not $133,398.11.  Plaintiff asserts that the second declaration provides evidence of hours worked through March 2023 and that the $8,057.50 in attorney fees from April 2023 to June 2023 should not be considered in the amount because defendants had not been billed for it.  He also argues that the trial court erred in awarding $4,794.61 in costs because defendants did not file a memorandum of costs.

Defendants' brief attempts to clarify the basis for the $133,398.11 award by listing the number of hours the law firm worked from November 2019 to March 2023 in increments consisting of multiple months.  Although defendants do not provide a sum in their brief for the total number of hours worked, adding the hours they list in their brief

12

totals 454.9 hours, not 433.3. The reason for this discrepancy is not explained. Defendants appear to have miscalculated their hours from November 2019 to March 2023 in their brief. Because of this miscalculation, we do not rely on the hours summarized in defendants' brief, and instead rely on the 433.3 hours stated in the second declaration.

Next, the trial court properly awarded $8,057.50 in attorney fees and $4,794.61 in costs. Plaintiff argues that the $8,057.50 listed for work between April 2023 and June 2023, should not have been awarded because defendants were not billed for that amount. Defendants contend the amount of $8,057.50 was for work already performed from April to June 2023 even though it had not yet been billed. There is no basis to conclude from the record before us that those amounts would *not* be billed. Further, there is no authority to conclude that an amount incurred, even though not yet billed, cannot be awarded. Therefore, the trial court properly awarded the $8,057.50 in fees incurred between April and June 2023. The court also properly awarded costs. Not only had defendants included a memorandum of costs and attorney fees, but also, they provided an updated amount in costs in their reply. Defendants' counsel's second declaration outlined the exact costs incurred. Thus, the trial court did not err in awarding $4,794.61 in costs. (See *LCPFV, LLC*, *supra*, 106 Cal.App.5th at p. 759.)

Beyond his challenge to the trial court's award of the $8,057.50 in unbilled attorney fees and $4,794.61 in costs, plaintiff has not asserted a specific mathematical error in awarding $133,398.11. We note that adding $119,157.50, $8,057.50, and $4,794.61 together only equals $132,009.61, which is $1,388.50 less than $133,398.11. This discrepancy does not mean the trial court erred in its award. The second declaration stated that the law firm incurred $133,398.11 from November 2019 to June 20, 2023. However, the trial court's order, dated July 6, 2023, stated "[d]efendants' counsel incurred $133,398.11 in fees and costs from November 9, 2019 to the *present*." (*Italics* added.) Thus, the order suggests that the trial court considered work the law firm performed after June 20, 2023. We reasonably infer that the court likely discussed the

13

final amount with defendants at the hearing and considered all relevant fees incurred through the date of the hearing.  (See *Jameson*, *supra*, 5 Cal.5th at pp. 608-609; see also *LCPFV*, *LLC supra*, 106 Cal.App.5th at p. 759.)

We conclude that the trial court did not err in its attorney fees and costs award.

### III.    DISPOSITION

The trial court's order awarding attorney fees and costs to defendants is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Danner, J.


H051385 Bettelheim v. Rios et al.